# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No. 20-20425-GLT |
| ) | |
| VIDEOMINING CORPORATION, ) | Chapter 11 |
| ) | |
| Debtor. ) | Doc No.: |
| ) | |
| VIDEOMINING CORPORATION, ) | Related to Doc No. 13 |
| ) | |
| Movant, ) | Hearing: February 10, 2020 at 1:30 p.m. |
| ) | |
| vs. ) | |
| ) | |
| ENTERPRISE BANK, WHITE OAK ) | |
| BUSINESS CAPITAL, INC., ON DECK ) | |
| CAPITAL, ITRIA VENTURES, LLC, ) | |
| BROADWAY ADVANCE FUNDING, ) | |
| GREEN NOTE CAPITAL PARTNERS, ) | |
| INC., ) | |
| ) | |
| Respondents. | |

### RESERVATION OF RIGHTS AND RESPONSE TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL

AND NOW, comes Enterprise Bank, by and through its undersigned counsel, and submits this Reservation of Rights and Response to Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral, stating as follows:

### BACKGROUND

1. Enterprise Bank ("Enterprise") is a secured creditor of the Debtor, and holds a first position, duly perfected security interest in substantially all of the Debtor's assets, with the exception of the Debtor's accounts and inventory, on which Enterprise's security interest is a second priority.

2. On February 4, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. As part of its first day motions, the Debtor filed the Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral (the "Motion"). (ECF No. 13).

4. The Motion requests authorization to use cash collateral, in accordance with the budget attached to the Motion as Exhibit A (the "Budget").

5. The Budget covers a thirteen-week period ending on May 8, 2020. See Ex. A to the Motion.

**RESERVATION OF RIGHTS AND RESPONSE**

6. Enterprise does not oppose the Debtor's request for authorization to use cash collateral as set forth in the Motion.

7. If the Court is inclined to grant the Motion, Enterprise, however, requests certain modifications to the proposed order attached to the Motion, prior to its entry by the Court.

8. Any authorization to use cash collateral (on an interim or final basis) and the effectiveness of the Budget should be limited to April 30, 2020, and there should be no further right to use cash collateral beyond April 30, 2020, unless and until the Court issues a further order.

9. Enterprise further requests that any order granting the Motion contain the following provisions:

(a) The Debtor is authorized to use the cash collateral of White Oak Business Capital, Inc. ("White Oak") and Enterprise Bank to pay pre-petition payroll and associated payroll taxes in an amount not to exceed $65,000.00.

(b) The Debtor's authorization to use cash collateral pursuant to this Order will extend only through April 30, 2020, unless and until this Court issues a further order upon proper notice to White Oak and Enterprise Bank and an opportunity to be heard.

(c) Enterprise Bank is authorized and directed to continue to service the Debtor's direct deposit or other accounts maintained by Enterprise Bank (the "Bank Accounts") as accounts of the debtor in possession, and to receive, process, honor, and pay, to the extent funds are available, any and all checks, drafts, wire transfers, ACH transfers or other requested debits (collectively, the "Debits") which are drawn on the Bank Accounts, whether dated on, before or after February 4, 2020 (the "Petition Date"), whether for obligations arising before or after the Petition Date, including the pre-petition payroll and associated payroll taxes. The Debtor will instruct Enterprise Bank as to which Debits are not authorized by Court order or the Bankruptcy Code and should not be honored. Except for those Debits that are authorized by an order of this Court or the Bankruptcy Code, the Debtor shall not instruct or request Enterprise Bank to pay or honor any Debit issued prior to the Petition Date, or for an obligation arising prior to the Petition Date.

10. Enterprise reserves all of its other rights and remedies, whether now or in the future available to it, and specifically reserves the right to raise objections or other responses or take different positions at the emergency hearing to consider the Motion, and with respect to any final hearing or further request for authority to use cash collateral, including, but not limited to, Enterprise's right to request adequate protection of its interests and its rights under 11 U.S.C. §507(b).

WHEREFORE, Enterprise Bank respectfully requests that if the Court grants the Debtor's Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral on an interim or final basis, the Court's order include the provisions set forth in paragraphs 9(a) through 9(c) above, and that all of Enterprise Bank's other rights and remedies be reserved, including, but not limited to, the right to request adequate protection of its interests and its rights under 11 U.S.C. §507(b).

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

Dated: February 7, 2020

By: */s/ William E. Kelleher, Jr., Esq.*
William E. Kelleher, Jr. (PA ID No. 30747)
Thomas D. Maxson (PA ID No. 63207)
Daniel P. Branagan (PA ID No. 324607)

625 Liberty Avenue
Pittsburgh, PA 15222-3152
Phone: (412) 297-4900
Fax: (412) 209-0672
bill.kelleher@dentons.com
thomas.maxson@dentons.com
daniel.branagan@dentons.com

*Counsel for Respondent, ENTERPRISE BANK*

3225698

## CERTIFICATE OF SERVICE

On this 7th day of February 2020, the undersigned does hereby certify that a true and correct copy of the foregoing was electronically filed and accordingly was served upon all parties currently registered to receive notice via this Court's CM/ECF notification system. In addition, the follow parties were served via electronic mail as follows:

Robert O Lampl on behalf of Debtor VideoMining Corporation
rol@lampllaw.com, jschemm@lampllaw.com; jlacher@lampllaw.com; dfuchs@lampllaw.com; eslagle@lampllaw.com; neish51@gmail.com; jcooney@lampllaw.com; rcooney@lampllaw.com; lampl@lampllaw.com; RossLampl@lampllaw.com; rkunkel@lampllaw.com

Jeanne S. Lofgren on behalf of Creditor White Oak Business Capital, Inc.
jlofgren@stonecipherlaw.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

George T. Snyder on behalf of Creditor White Oak Business Capital, Inc.
gsnyder@stonecipherlaw.com

Jeffrey M. Rosenthal on behalf of Creditor White Oak Business Capital, Inc.
JRosenthal@lawfirm.ms

Norma Hildenbrand, on Behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee
Norma.L.Hildenbrand@usdoj.gov

/s/ William E. Kelleher, Jr., Esq.