# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| VIDEOMINING CORPORATION, | ) |
| | ) Bankruptcy Case No. 20-20425 GLT |
| Debtor | ) |
| _____ | ) |
| VIDEOMINING CORPORATION, | ) Document No. _____ |
| | ) Related to Document No. 16, 19 |
| Movant, | ) |
| | ) Hearing date and time: |
| v. | ) February 10, 2020 at 1:30 p.m. |
| | ) |
| ENTERPRISE BANK, WHITE OAK | ) Responses due: |
| BUSINESS CAPITAL, INC., ON DECK | ) February 10, 2020 at Noon |
| CAPITAL, ITRIA VENTURES, LLC, | ) |
| BROADWAY ADVANCE FUNDING, | ) |
| GREEN NOTE CAPITAL PARTNERS, | ) |
| INC., AND THE HERSHEY COMPANY | ) |
| | ) |
| Respondents. | ) |

### LIMITED OBJECTION OF WHITE OAK BUSINESS CAPITAL, INC. TO EMERGENCY MOTION TO RELEASE AND PROHIBIT INTERFERENCE WITH THE DEBTOR'S CUSTOMERS

**AND NOW,** comes White Oak Business Capital, Inc. (formerly known as Federal National Payables, Inc., and formerly doing business as Federal National Commercial Credit) ("White Oak"), by and through its undersigned counsel and files the within *Limited Objection Of White Oak Business Capital, Inc. To Emergency Motion To Release and Prohibit Interference With The Debtor's Customers* ("Limited Objection") and in support thereof submits the following:

1.  VideoMining Corporation ("Debtor") filed its voluntary Chapter 11 Petition on February 4, 2020 ("Petition Date"). The Debtor is continuing to operate its business and manage its affairs as a Debtor-in-Possession.

2.  On February 5, 2020, the Debtor filed an *Emergency Motion To Release and Prohibit Interference With The Debtor's Customers*, listed as Document No. 16 on the Court's docket ("A/R Motion").

3.  White Oak supports the relief that the Debtor is seeking in its AR Motion with one exception – The Hershey Company should be directed to release the receivable directly to White Oak and not to the Debtor as White Oak holds a first lien security interest in that account receivable.

4.  For the reasons more particularly described in its Objection to the Debtor's proposed use of cash collateral, White Oak does not consent to the Debtor's use of cash collateral and does not consent to the Hershey Company receivable (or any other pre-petition receivable against which White Oak has a first priority lien) being paid to the Debtor or any other party than White Oak.

WHEREFORE, White Oak respectfully requests the Court to enter an Order authorizing and directing the Hershey Company to pay the outstanding receivable to White Oak, and to provide such other and further relief as the Court deems to be just and proper.

Dated: February 10, 2020　　　　　　　　　STONECIPHER LAW FIRM

*/s/ George T. Snyder*
George T. Snyder, Esq.
PA ID No. 53525
125 First Avenue
Pittsburgh, PA 15222
Ph. (412) 391-8510
gsnyder@stonecipherlaw.com

and

**MANDELBAUM SALSBURG, P.C.**

/s/ Jeffrey M. Rosenthal
Jeffrey M. Rosenthal, Esq.
NJ Atty. No. 4160933
3 Becker Farm Road
Roseland, NY  07068
JRosenthal@lawfirm.ms
(Pro Hac Vice Admission granted)

Counsel to White Oak Business Capital, Inc.