IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-20425-GLT |
| | : | |
| VideoMining Corporation, | : | Chapter 11 |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| VideoMining Corporation | : | Document No. _____ |
| | : | |
| Movant, | : | Related Document Nos. <u>13 and 18</u> |
| | : | |
| v. | : | |
| | : | |
| Enterprise Bank, White Oak Business | : | Hearing Date:    February 10, 2020 |
| Capital, Inc, On Deck Capital, Itria | : | Hearing Time:    1:30 P.M. |
| Ventures, LLC, Broadway Advance | : | |
| Funding, Green Note Capital Partners, Inc., | : | |
| | : | |
| Respondents. | : | |

**<u>OBJECTION TO DEBTOR'S USE OF CASH COLLATERAL</u>**

Itria Ventures LLC ("Itria") submits this Objection to the Motion by Debtor, VideoMining Corporation, ("Debtor") seeking an Order allowing Debtor to use cash collateral on both an interim and final basis.

1.  Itria objects to the Debtor's Motion on the following two grounds, to wit: (a) the Debtor sold its receivables to Itria in a true sale transaction such that Itria owns the receivables and they are not property of the Debtor's estate which can be used as cash collateral, and (b) in the alternative, if the Court were to find that the Debtor can use cash collateral then Itria is entitled to a replacement position/lien and adequate protection payments.  On the adequate protection issue Debtor's Motion only proposes, as adequate protection, a cash payment to creditor White Oak Business Capital, Inc. ("White Oak") equal to 15% of the total receivables

{00580138.1}

collected. Although Debtor acknowledges Itria's asserted interest in its receivables, it does not propose any adequate protection in any form to Itria.

2. Further details regarding Itria's two objections (a) and (b) are as follows.

3. Itria is engaged in the business of providing financial accommodations to its clients through the purchase of merchant accounts receivable as well as through traditional secured lending facilities.

4. On September 12, 2017, Itria and Debtor entered into a Future Receivables Sale Agreement ("FRSA"), a true copy of which is attached hereto as Exhibit "A", pursuant to which Itria purchased the future accounts receivable of Debtor in the amount of $164,000.00, and Debtor agreed to remit to Itria the proceeds of its collection of those purchased accounts in periodic payments calculated as agreed upon percentage thereof, until the entire amount sold was remitted to Itria. Under the FRSA, the weekly estimated amount to be remitted to Itria is $2,363.38, subject to a reconciliation against actual future receivables. The percentage due Itria every week is 2.68% of Debtor's future receivables until full payment of the amount sold equal to $198,440.

5. The Debtor's sale of its receivables to Itria was a true sale, such that Itria owns the receivables, the receivables are thus not property of the Debtor's estate. The FRSA contains a Delaware choice of law clause. See Section 15 of the FRSA. Under Delaware law, a true sale cannot be re-characterized as a secured loan. 6 Del. C. Sec. 2703A(a). See also *In re Dryden Advisory Group, LLC*, 534 B.R. 612 (M.D. Pa. 2015) (determining factoring agreement to be a true sale under New York law). Based upon the foregoing, the subject receivables belong to Itria, are not property of the Debtor's estate, and thus cannot be used by the Debtor as cash collateral.

6. In the alternative, should the Court find the Debtor can use cash collateral then Itria is entitled to adequate protection and a replacement position/lien.

7. On November 7, 2017, Itria filed a UCC-1 Financing Statement to put the world on notice of its sale. The UCC-1 states that the sale covers "[a]ll of Debtor's present and future accounts", including receivables (the "UCC-1 Lien"), a true copy of which is attached hereto as Exhibit "B".

8. Debtor has defaulted under the FRSA and, as of the date of its bankruptcy filing, owes Itria $50,931.70.

9. Debtor must obtain consent or court approval prior to the use of cash collateral. U.S.C. §363(c)(2). The Court "shall prohibit or condition such use" of cash collateral "as is necessary to provide adequate protection of such interest." 11 U.S.C. §363(e). *See* generally *In re Sharon Steel Corp.*, 159 B.R. 165, 168-169 (W.D. Pa. 1993); *In re Hari Ram, Inc.*, 507 B.R. 114, 120121 (M.D. Pa. 2014).

10. "Cash collateral" includes accounts receivables. 11 U.S.C. §363(a).

11. "Adequate protection" is undefined in the Bankruptcy Code, but Section 361 provides three non-exclusive methods of adequate protection: (1) periodic cash payments; (2) additional or replacement liens; or (3) other relief resulting in the "indubitable equivalent" of the secured creditor's interest. 11 U.S.C. §361. When proposing adequate protection to a secured creditor, the debtor "should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights." *In re Hari Ram*, 507 B.R. at 120; *In re Sharon Steel*, 159 B.R. at 169; *In re Rocco*, 319 B.R. 411, 419 (W.D. Pa 2005).

12. Debtor bears the burden of proof to demonstrate that the secured creditor is adequately protected for purposes of using cash collateral. 11 U.S.C. §363(p)(1).

13.	Debtor has not satisfied its burden of proof. It has not proposed any adequate protection to Itria, much less met its burden.

14.	The only periodic payment proposed by Debtor is to White Oak equal to 15% of its receivables. Under the FRSA, Itria is entitled to a weekly payment of $2,362.88, subject to a reconciliation of 2.68% of actual future receivables.

15.	Itria respectfully requests that Debtor's use of cash collateral be conditioned on its weekly payment of $2,362.88 to Itria. Consistent with the aforesaid case law, such payment would protect Itria's secured interest by providing Itria the value of its bargained for rights under the FRSA.

16.	In addition, at a minimum, preserving Itria's bargained for rights under the FRSA includes granting Itria a replacement position/lien on the Debtor's receivables and other property covered by Itria's UCC-1 Lien to the same extent, priority and validity as prior to Debtor's bankruptcy filing. Itria's secured lien should continue as if Debtor did not file bankruptcy in order to protect Itria's secured position.

17.	Lastly, Debtor's Motion is for "interim and final orders authorizing" Debtor's use of cash collateral. Debtor's proposed order does not in its terms limit the duration of Debtor's use of cash collateral; instead, the order continues such use "until a further Order of Court is entered". Thus, in effect, Debtor's proposed order seeks a "final" order as its Motion states.

18.	Any order denying Itria adequate protection should be interim only and necessarily subject to future renewals based upon a motion by Debtor. Itria requests that any such order be limited to 30 days.

19.	In conclusion, Itria respectfully requests that Debtor's use of cash collateral be conditioned on (i) Debtor's weekly payment of $2,362.88 to Itria; and (ii) a replacement lien

granted to Itria on the Debtor's receivables and other property covered by Itria's UCC-1 Lien to the same extent, priority and validity as prior to Debtor's bankruptcy filing.

Respectfully submitted,

SEIDMAN & PINCUS, LLC

By /s/ Owen Lipnick, Esquire
    Owen Lipnick, Esquire
    E-mail: olseidmanllc.com
    777 Terrace Avenue, Suite 508
    Hasbrouck Heights, NJ 07604
    Telephone: 201-473-0047
    NJ Bar ID No. 043041994

FELDSTEIN GRINBERG LANG & MCKEE

By /s/ Jeffrey R. Lalama, Esquire
    Jeffrey R. Lalama, Esquire
    PA ID No. 52709
    E-mail: jlalama@fglmlaw.com
    428 Boulevard of the Allies, Suite 600
    Pittsburgh, PA 15219
    Telephone: 412-263-6074
    Facsimile: 412.263.6101

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-20425-GLT |
| VideoMining Corporation, | : | Chapter 11 |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| Feldstein Grinberg Lang & McKee, P.C. | : | |
| Movant, | : | Hearing Date:  February 10, 2020 |
| | : | Hearing Time:  1:30 P.M. |
| v. | : | |
| No Respondent | : | |

## CERTIFICATE OF SERVICE OF OBJECTION TO DEBTOR'S USE OF CASH COLLATERAL

  I, Jeffrey R. Lalama, Esquire, of Feldstein Grinberg Lang & McKee, P.C., 428 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15219, state that I am 18 years of age and that the attached Objection to Debtor's Use of Cash Collateral and Proposed Order were served on February 10, 2020, through the Court's CM/ECF system, which will send e-mail notification of the filing to the parties listed below.

Robert O. Lampl, Esquire
Robert O. Lampl Law Office
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
*rol@lamplaw.com*

Norma Hildenbrand
Office of the U.S. Trustee
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, PA 15222
*Norma.L.Hildenbrand@usdoj.gov*

Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222
*ustpregion03.pi.ecf@usdoj.gov*

William E. Kelleher, Esquire
Dentons Cohen & Grigsby, P.C.
625 Liberty Avenue
Pittsburgh, PA 15219
*bill.kelleher@dentons.com*

George T. Snyder, Esquire
Jeanne S. Lofgren
Stonecipher Law Firm
125 First Avenue
Pittsburgh, PA 15222
*gsnyder@stonecipherlaw.com*
*jlofgren@stonecipherlaw.com*

  I, the undersigned, certify that I served the Objection to Debtor's Use of Cash Collateral and Proposed Order upon the Debtor, VideoMining Corporation and Interested Parties at the addresses shown below by First Class Mail, Postage Prepaid on February 10, 2020.

VideoMining Corporation
430 South Allen Street
State College, PA 16801

Broadway Advance Funding
39 Broadway, Suite 930
New York, NY 10006

{00580138.1}

On Deck Capital
c/o Federated Law Group, PLLC
887 Donald Ross Road
Juno Beach, FL 33408

Green Note Capital Partners, Inc.
c/o Berkovitch and Bouskila, P.C.
80 Broad Street, Suite 3303
New York, NY 10004

EXECUTED ON: February 10, 2020

        Respectfully submitted,

        FELDSTEIN GRINBERG LANG & McKEE, P.C.


By   /s/ Jeffrey R. Lalama
        Jeffrey R. Lalama, Esquire
        PA ID No. 52709
        E-mail: jlalama@fglmlaw.com

        428 Boulevard of the Allies, Suite 600
        Pittsburgh, PA 15219
        412-263-6074 Telephone
        412-263-6101 Facsimile