# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| VIDEOMINING CORPORATION, ) | |
| ) | Bankruptcy Case No. 20-20425 GLT |
| Debtor ) | |
| _____ ) | |
| VIDEOMINING CORPORATION, ) | Document No. _____ |
| ) | Related to Document No. 13, 16, 18, 19, 43 |
| Movant, ) | |
| ) | Hearing date and time: |
| v. ) | N/A |
| ) | |
| ENTERPRISE BANK, WHITE OAK ) | Responses due: |
| BUSINESS CAPITAL, INC., ON DECK ) | February 21, 2020 |
| CAPITAL, ITRIA VENTURES, LLC, ) | |
| BROADWAY ADVANCE FUNDING, ) | |
| GREEN NOTE CAPITAL PARTNERS, ) | |
| INC., AND THE HERSHEY COMPANY ) | |
| ) | |
| Respondents. ) | |

## SUPPLEMENTAL RESPONSE OF WHITE OAK BUSINESS CAPITAL, INC.

**AND NOW,** comes White Oak Business Capital, Inc. (formerly known as Federal National Payables, Inc., and formerly doing business as Federal National Commercial Credit) ("White Oak"), by and through its undersigned counsel and files the within *Supplemental Response of White Oak Business Capital, Inc.* ("Supplemental Response") and in support thereof submits the following:

1. VideoMining Corporation ("Debtor") filed its voluntary Chapter 11 Petition on February 4, 2020 ("Petition Date"). The Debtor is continuing to operate its business and manage its affairs as a Debtor-in-Possession.

2. On February 5, 2020, the Debtor filed an *Emergency Motion for Interim and Final Orders Authorizing The Debtor to Use Cash Collateral*, listed as Document No. 13 on the Court's docket ("Cash Collateral Motion").

3. On February 5, 2020, the Debtor filed an *Emergency Motion To Release and Prohibit Interference With The Debtor's Customers*, listed as Document No. 16 on the Court's docket ("A/R Motion").

4. White Oak filed its *Objection Of White Oak Business Capital, Inc. To Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral*, listed as Document No. 39 on the Court's docket ("Cash Collateral Objection") and its *Limited Objection Of White Oak Business Capital, Inc. To Emergency Motion To Release and Prohibit Interference With The Debtor's Customers*, listed as Document No. 41 on the Court's docket ("Limited A/R Objection").

5. Itria Ventures LLC ("Itria") filed its *Objection to Debtor's Use of Cash Collateral,* listed as Document No. 42 on the Court's docket ("Itria Objection").

6. At the initial hearings in this case, and in its Cash Collateral Objection, White Oak asserts that it holds a first petition lien on the Debtor's accounts receivables, including the account subject to the A/R Motion.

7. The Court, in its Order addressing the A/R Motion, listed as Document No. 43 on the Court's docket, among other things, directed the parties to meet and confer and offered the opportunity for the parties to file supplemental responses to the extent disputes remain unresolved.

8. As of the filing of this Supplemental Response, Itria has not withdrawn the Itria Objection. Accordingly, White Oak wishes to supplement its Cash Collateral Objection and

Limited A/R Objection to provide the Court with evidence of its asserted first position lien claim with respect to the Debtor's accounts receivable.

9. Prior to the Petition Date, White Oak was required to file in the Court of Common Pleas of Centre County Pennsylvania a Notice of Third Party Claim by which it described its asserted lien on the Debtor's Inventory, Chattel Paper, Accounts, Equipment, Instruments and General Intangibles. Rather than repeating all of the same information in this Supplemental Response, White Oak incorporates the Notice of Third Party Claim by reference, makes it a part hereof, and attaches it as Exhibit A hereto.

10. In addition to the liens asserted in the Notice of Third Party Claim, White Oak also asserts a lien on the Debtor's patent interests. Since White Oak's asserted lien on the Debtor's Patents is not presently before the Court, it will not burden the Court with that information at this time, but reserves the right to further supplement the record at a later date to the extent necessary to support its lien claims against the patents.

11. For the reasons set forth in the Cash Collateral Objection, the Limited Objection, in the record before the Court and based upon the information contained in this Supplemental Response, White Oak submits that it holds a properly perfected first lien on the Debtor's Pre-Petition Date accounts receivable, which defeats Itria's asserted claim to the Hershey receivable, and any other receivable until such time as White Oak has been paid in full.

12. Itria asserts that "the Debtor sold its receivables to Itria in a true sale transaction such that Itria owns the receivable." (Itria Objection, ¶1, page 1). White Oak has not had the opportunity to address the merits of Itria's asserted ownership of the Debtor's accounts and reserves the right to do so, including the ability to file additional papers with this Court to address that issue, as

necessary.  However, even if Itria's assertion proves to be true, any accounts it would have purchased would be subject to the superior liens held by White Oak and Enterprise Bank.

 WHEREFORE, White Oak respectfully requests the Court to enter an Order over-ruling the Itria Objection, and to provide such other and further relief as the Court deems to be just and proper.

Dated: February 21, 2020    **STONECIPHER LAW FIRM**

*/s/ George T. Snyder*
George T. Snyder, Esq.
PA ID No. 53525
125 First Avenue
Pittsburgh, PA 15222
Ph. (412) 391-8510
gsnyder@stonecipherlaw.com

and

**MANDELBAUM SALSBURG, P.C.**

/s/ Jeffrey M. Rosenthal
Jeffrey M. Rosenthal, Esq.
NJ Atty. No. 4160933
3 Becker Farm Road
Roseland, NY  07068
JRosenthal@lawfirm.ms
(Pro Hac Vice Admission granted)

Counsel to White Oak Business Capital, Inc.

## **CERTIFICATE OF SERVICE**

I certify under penalty of perjury that I served the above captioned pleadings on the parties at the address specified below or on the attached list on <u>February 21, 2020</u>.

The types of service made on the parties (first class mail, electronic notification, hand delivery, or another type of service) was: <u>Electronic Mail</u>.

If more than one method of service was employed, this certificate of service groups the parties by the type of service.  For example: the full name, email address, and where applicable the full name of the person or entity represented, for each party served by electronic transmission is listed under the hearing "Service by NEF," and the full name and complete postal address for each party served by mail, is listed under the heading "Service by First Class Mail."

**Service By Electronic Mail**

Enterprise Bank
c/o William E. Kelleher
Cohen & Grigsby, P.C. 625 Liberty Avenue
Pittsburgh, PA 15222
wkelleher@cohenlaw.com

Office of the U.S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
Norma.hildenbrand@usdoj.gov

Robert O Lampl
223 4th Avenue, 4th Fl.
Pittsburgh, PA 15222
rlampl@lapllaw.com

On Deck Capital
c/o Federated Law Group, PLLC
887 Donald Ross Rd.
Juno Beach, FL 33408
ncamareno@andreupalma.com

Itria Ventures, LLC
One Penn Plaza, Suite 4530
New York, NY 10119
varun.sharma@itriaventures.com

Broadway Advance Funding
39 Broadway, Suite 930
New York, NY 10006
larry@broadwayadvance.com

Green Note Capital Partners, Inc.
c/o Berkovitch and Bouskila, P.C.
80 Broad Street, Suite 3303
New York, NY 10004
alice@bblawpllc.com

Atul Jain
1421 Lawyers Road
Vienna, VA 22181
Atul.Jain@teoco.com

Ben Franklin Technology Partner
200 Innovation Blvd., Suite 150
State College, PA 16803
stevebrawley@cnp.benfranklin.org

Beneficial Equipment Finance Co.
Accounts Receivable
P.O. Box 7350 Philadelphia, PA 19191
cehrmann@thebeneficial.com

Clark Hill PLC
Attn:  Accounts Receivable
P.O. Box 3760 Pittsburgh, PA 15230
jrodney@clarkhill.com

Dell Financial Services
Payment Processing Center
P.O. Box 5292
Carol Stream, IL 60197-5292
Charles.Simpson@dell.com

EnsembleIQ
29475 Network Place
Chicago, IL 60673-1294
matienza@ensembleiq.com

Georgia Pacific Consumer Products, LP
133 Peachtree Street, N.E.
Atlanta, GA 30303-1847
Rechelle.Papa@gapac.com

Internal Revenue Service
Centralized Insolvency Operation
Philadelphia, PA 19101-7346
Jill.locnikar@usdoj.gov

PA Department of Revenue Bankruptcy
Division
P.O. Box 280946
Harrisburg, PA17128-0908
akovalchick@attorneygeneral.gov

Michael Zeller
3806 Ruette San Raphael
San Diego, CA 92130
zeller.michael@gmail.com

Research Now
c/o Survey Sampling International, LLC
6 Research Drive
Shelton, CT 06484
ckalitta@researchnow.com

Sanjay Mehta
44649 Parkmeadow Drive
Fremont, CA 94539
mehta4s@sbcglobal.net

Sanjay Mital
2237 Rutherford Lane
Fremont, CA 94539
Smittal53@gmail.com

Select Funding/Financial Pacific
3455 S. 344th Way, STE 300
Auburn, WA 98001
finpac@finpac.com

Steven M. Lavalle
Lipporannantie 9A 37
90500 Oulu Finland
Steven.LaValle@oulu.fi

US Bank Equipment Finance
A Division of US Bank National Assoc.
P.O. Box 790448
Saint Louis, MO 63179-0448
Jenna.puetz@usbank.com

Umesh Sharma
44913 Cougar Circle
Fremont, CA 95124
Umeshsharma108@gmail.com

Wessel & Company
215 Main Street
Johnstown, PA 15901
cweir@wesselcpa.com

Owen Lipnick, Esquire
777 Terrace Avenue, Ste 508
Hasbrouck Heights, NJ 07604
ol@seidmanllc.com

Jeffrey R. Lalama, Esquire
428 Blvd of the Allies, Ste 600
Pittsburgh, PA 15219
jlalama@fglmlaw.com

|  |  |
|---|---|
| **EXECUTED ON:** February 21, 2020 | STONECIPHER LAW FIRM |
| | By: ***/s/George T. Snyder*** |
| | George T. Snyder, Esquire |
| | PA ID No. 53525 |
| | 125 First Avenue |
| | Pittsburgh, PA  15222 |
| | (412) 391-8510 |
| | gsnyder@stonecipherlaw.com |
| | Counsel to White Oak Business Capital, Inc |