**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **VIDEOMINING CORPORATION,** | **Bankruptcy No. 20-20425-GLT** |
| Debtor. | Chapter 11 |
| **VIDEOMINING CORPORATION,** | Document No. |
| Movant, | |
| vs. | |
| **NO RESPONDENT.** | |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING**

**AND NOW** comes VideoMining Corporation, by and through its Counsel, Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl and files this **EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING**:

1. The Movant is VideoMining Corporation ("VideoMining" or "Debtor").

2. This Case was commenced on February 4, 2020.

3. The Debtor collects video data from grocery and convenient stores regarding shoppers' in store behavior, analyzes said data, and then packages and sells the same to product retailers.

4. On February 5, 2020, the Debtor filed an Emergency Motion for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral (the "Cash Collateral Motion"). The cash collateral at issue was the Debtor's receivables. The Debtor's receivables are typically collected within 60-120 days of the date they are generated.

5.      Following a hearing on the Cash Collateral Motion and consistent with a resolution between the Debtor and its primary secured lenders - White Oak Business Capital, Inc. ("White Oak") and Enterprise Bank ("Enterprise"), this Honorable Court entered an Order Authorizing Interim Use of Cash Collateral Through March 12, 2020 (the "Interim Cash Collateral Order").

6.      Importantly, the Interim Cash Collateral Order granted White Oak a security interest in the Debtor's post-petition receivables subject to an obligation to subordinate said post-petition lien in favor of a Debtor in Possession Lender on all receivables created after the entry of an Order of Court approving post-petition financing.

7.      White Oak's obligation to subordinate its lien on the Debtor's post-petition receivables was a negotiated term as it was contemplated that the Debtor would need post-petition financing in order to effectively manage its cash flow and that said post-petition financing would likely be secured by a first position lien in the Debtor's post-petition receivables.

8.      In fact, the Debtor's proposed budget which was attached as Exhibit A to the Cash Collateral Motion specifically identified the need for post-petition financing.

9.      The Debtor has reached an agreement with Enterprise regarding the needed post-petition financing. An executed commitment letter is attached hereto as **Exhibit A**.

10. The key terms of the proposed post-petition financing are as follows:

A. The Debtor shall be permitted to draw on a line of credit up to 50% of its accounts receivables created after the entry of an Order of Court approving the Debtor's proposed DIP financing arrangement;

B. The line of credit shall not exceed a balance of $175,000.

C. The interest rate is 8% fixed;

D. Payments will be monthly installments of interest with principal reduction payments in the amount of 50% paid upon collection of the eligible receivable upon which the advance was made;

E. Enterprise shall be granted a first position lien on all receivables generated after the entry of an Order of Court approving the Debtor's proposed DIP financing arrangement;

F. Enterprise shall be granted a lien (best position available) on all business assets of the Debtor;

G. Enterprise shall be granted an administrative expense claim with priority over any and all administrative expenses of the kind specified in sections 503(b) of 507(b) of the Bankruptcy Code; and

H. Enterprise's obligation to advance monies under the line of credit is contingent upon the Debtor retaining Christopher Bossi for financial management of the Debtor either as a Bankruptcy Court approved professional or as a hired employee in a similar capacity.

11. The proposed financing is critical to the Debtor's operation and will allow it to pay its expenses consistent with the approved budget as the Debtor markets its assets for sale.

12. With respect to paragraph 10 (H) above, the Debtor has elected to hire Christopher Bossi as an employee. This election was made as the Debtor and its counsel does do believe that Mr. Bossi qualifies as a professional person under 11 U.S.C. § 327(a). Mr. Bossi has already been involved in the financial operations of the Debtor for several years.

13. The emergency nature of the instant Motion is that the Debtor cannot borrow against any post-petition receivables created prior to the entry of an Order approving post-petition financing. As the Debtor's need for post-petition financing is imminent, it is imperative that an Order be entered as soon as possible.

14. The need for emergency relief has not been caused by any lack of due diligence on the part of the Debtor or its Counsel but rather has been necessitated by looming critical expense obligations with no other payment means available to the Debtor other than the relief being requested herein.

**WHEREFORE**, the Movant respectfully requests that this Honorable Court enter an order authorizing the Debtor to obtain financing from Enterprise Bank consistent with the terms set forth herein.

                                        Respectfully Submitted,

Date: February 25, 2020                    */s/ Robert O Lampl*
                                        ROBERT O LAMPL
                                        PA I.D. #19809
                                        JOHN P. LACHER
                                        PA I.D. #62297
                                        DAVID L. FUCHS
                                        PA I.D. #205694
                                        RYAN J. COONEY
                                        PA I.D. #319213
                                        SY O. LAMPL
                                        PA I.D. #324741
                                        223 Fourth Avenue, 4th Fl.
                                        Pittsburgh, PA  15222
                                        (412) 392-0330 (phone)
                                        (412) 392-0335 (facsimile)
                                        Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

**VIDEOMINING CORPORATION,**           Bankruptcy No. 20-20425-GLT

       Debtor.                                   Chapter 11

**VIDEOMINING CORPORATION,**           Document No.

       Movant,

  vs.

**NO RESPONDENT.**

## CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify, that on the 25th day of February, 2020, a true and correct copy of the foregoing **EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING** was served upon the following *(via electronic service, hand delivery and/or Frist-Class U.S. Mail):*

Office of the U.S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222
Norma.hildenbrand@usdoj.gov

Enterprise Bank
c/o William E. Kelleher
Cohen & Grigsby, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222
Bill.kelleher@dentons.com

White Oak Business Capital, Inc.
c/o George Snyder
125 First Ave.
Pittsburgh, PA 15222
gsnyder@stonecipherlaw.com

Jeffrey M. Rosenthal
Mandelbaum Salsburg, P.C.
3 Becker Farm Road, Suite 105
Roseland, NJ 07068
Jrosenthal@lawfirm.ms

Date:  February 25, 2020              */s/ Robert O Lampl*
                                                       ROBERT O LAMPL
                                                       PA I.D. #19809
                                                       JOHN P. LACHER
                                                       PA I.D. #62297
                                                       DAVID L. FUCHS
                                                       PA I.D. #205694
                                                       RYAN J. COONEY
                                                       PA I.D. #319213
                                                       SY O. LAMPL
                                                       PA I.D. #324741
                                                       223 Fourth Avenue, 4th Fl.
                                                       Pittsburgh, PA  15222
                                                       (412) 392-0330 (phone)
                                                       (412) 392-0335 (facsimile)
                                                       Email:  rlampl@lampllaw.com