**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FILED

MAR 0 2 2020

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 20-20425-GLT |
| | : | Chapter: | 11 |
| VideoMining Corporation | : | | |
| | : | | |
| | : | Date: | 3/2/2020 |
| *Debtor(s).* | : | Time: | 01:30 |

## PROCEEDING MEMO

**MATTER:**    # 60 Emergency Motion to Approve Financing (Emergency Motion for Interim and
Final Orders Authorizing the Debtor to Obtain Post-Petition Financing)
        # 67 - Objection of White Oak Business Capital, Inc.
        # 68 - Response filed by Enterprise Bank

**APPEARANCES:**

|  |  |
|---|---|
| Debtor: | Ryan Cooney and David Fuchs (with Christopher Bossi) |
| White Oak: | George Snyder and Jeffrey Rosenthal |
| Enterprise: | William Kelleher |

**NOTES:**

Cooney:  The proposed financing arrangement contemplates a $175,000 ceiling for a line of credit.  Debtor would borrow against its postpetition A/R, and would borrow up to 50% on each eligible account receivable.  The Debtor will make monthly interest payments, and principal would be paid upon collection of each receivable.  Enterprise was supportive of the request.

Turning to White Oak's objection, most of the items in the first part of the objection will be addressed in an interim financing order.  We are looking to add some provisions and strike others to address White Oak's objection.  Part II of the objection relates to Mr. Bossi's relationship.  The issue is whether he's a professional under section 327.  We think he's more like a comptroller.  We're going to file an application under section 327.  He has claims against the debtor, and he's agreed to waive those if he's approved.  Enterprise has agreed to advance while that application is pending.

The only issue that we're trying to finalize has to do with what constitutes an "eligible" account.  This would begin with any receivable generated after the DIP Order is entered.  White Oak wants a little more input into what constitutes an eligible receivable.

Court: Per White Oak's objection, is there a reduced level of financing required based on the debtor's performance to date?

Cooney:  There's a new budget that will require, at most $120,750 (assuming we collect our prepetition A/R with some certainty (i.e. $97,500 for week ending March 13)).  Another issue pertains to the draft order which specifies the interim amount.   If March 12 is picked, we only need $30-35,000 on an interim basis. If it's March 20, we will need than that.

Court:  What are the fees and expenses being charged?

Kelleher:  Enterprise's internal charges are $1,642 (last page on the loan docs).  Charges for vetting process for future receivables are $100 per invoice.  Lastly, the attorneys' fees are unknown but they are only for our fees related to the DIP financing, not related to normal representation of Enterprise Bank.

Rosenthal:  Enterprise says we're going to verify the receivables and that's good enough for us.  We think the standards should be spelled out.  We want our normal eligible account definition built into this documentation.  They are not the A/R lender here.  We provided a list to counsel.  [List provided to the Court]

Kelleher:  There was a prepetition fraudulent receivable and it was disclosed by Mr. Bossi and also disclosed to White Oak.

Enterprise was not informed of the receivable from White Oak or VideoMining when it occurred. Enterprise confronted White Oak about why it didn't inform us, their co-lender, about this. In an email, Mr. Rosenthal said they did tell us that White Oak was having issues with the company. But given confidentiality concerns with the company, and the fact that your bank is a regulated institution, we felt that giving you too much information would be problematic for everyone. There's no trust here between Enterprise Bank and White Oak, or between Enterprise and VideoMining. We believe the business is salvageable through a sale, but we have serious concerns about what happened in the past. The only person we do trust is Mr. Bossi. That is a key condition to our lending. Notwithstanding White Oak's paternalistic attitude, we don't want them involved in our lending. These are not ABL documents. It will be an ordinary course transaction, as determined by Enterprise in it's discretion.

Rosenthal: My client discovered the fraudulent receivables by Mr. Bossi's e-mail.

Court: Did this involve a singular receivable or multiple receivables? Do the parties agree it was more than one?

Cooney: Yes.

Court: How many?

Bossi: I don't have the exact number, but it was several invoices totaling approximately $500,000 or more.

Rosenthal: White Oak met with Mr. Bossi and Mr. Sharma was supposed to be there, but he didn't show. They confronted him with the emails, and then they confessed to us. After that, they confessed to Enterprise Bank. That's why there's this dispute as to whether it was self-confessed or not. We are not co-lenders with Enterprise. They have loan docs, we have ours. We have an intercreditor agreement regarding out liens, but we are not co-lenders with any type of fiduciary responsibilities. This is an ABL loan. They may think it's a line of credit, but its got a borrowing base and a formula, and it looks and smells like an ABL loan and should be dealt with appropriately. We have risk here, probably more than they do, because we are behind them. We need protection for our risk and the other stakeholders.


*OUTCOME:*

1.    The Debtor's *Emergency Motion to Approve Financing (Emergency Motion for Interim and Final Orders Authorizing the Debtor to Obtain Post-Petition Financing)* [Dkt. No. 60] is granted on an interim basis for up to $35,000. To the extent otherwise not resolved, White Oak's objection to interim financing is overruled. The parties shall submit a proposed form of order, together with an amended budget, under a Certification of Counsel on or before March 3, 2020. [Text Order to Issue].

2.    A final hearing to consider *Emergency Motion to Approve Financing (Emergency Motion for Interim and Final Orders Authorizing the Debtor to Obtain Post-Petition Financing)* [Dkt. No. 60] will occur on March 19, 2020 at 1:30 p.m. Any objections must be filed on or before March 16, 2020 at noon.

**DATED:** 3/2/2020