# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 20-20425-GLT |
| VIDEOMINING CORPORATION, | Chapter 11 |
| Debtor. | Document No. \_\_\_\_ |
| | Related to Doc. Nos. 102, 113 |

### STIPULATION AND CONSENT ORDER (1) MODIFYING AND EXTENDING ORDERS AUTHORIZING DIP FINANCING AND USE OF CASH COLLATERAL AND (2) AUTHORIZING AMENDMENT OF DIP LOAN DOCUMENTS

Upon the agreement and stipulation of Enterprise Bank ("Enterprise"), White Oak Business Capital, Inc. ("White Oak"), the Internal Revenue Service of the United States ("IRS"), and the above-captioned Debtor (collectively, the "Parties"), by and through their undersigned counsel, to the terms and conditions set forth in this Stipulation and Consent Order (this "Consent Order"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court finding that due notice and such opportunity for a hearing as is appropriate under the circumstances has occurred and that no further notice to any party in interest is required; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and good and sufficient cause appearing therefor;

IT IS hereby STIPULATED, AGREED, and ORDERED as follows:

1. Pursuant to the terms of the Final Order Authorizing Use of Cash Collateral Through May 8, 2020 entered by the Court on March 12, 2020 (ECF No. 102) (the "Final Cash Collateral Order") and the Modified Final Order Authorizing Debtor to Obtain Post-Petition Financing entered by the Court on March 19, 2020 (ECF No. 113) (the "Final DIP Order" and together with the Final Cash Collateral Order, the "Orders"), if the Debtor failed to enter into a

bona fide sales agreement for substantially all of its assets on or before August 21, 2020, the Maturity Date would trigger under the Final DIP Order, which, among other consequences, would require the Debtor to conduct an auction of its patent assets by September 30, 2020. See Final DIP Order at ¶ 10(g); Final Cash Collateral Order at ¶ 10.

2.  The Broker (as defined in the Final Cash Collateral Order) has represented to the Parties that it has identified several potential purchasers for the Debtor's assets, but that entering into a bona fide sales agreement by the August 21, 2020 deadline is not reasonably practicable under the circumstances.

3.  The Parties have agreed to modify and extend the Orders under the terms and conditions set forth in this Consent Order.

4.  Additionally, the Parties have agreed that the maximum financing available to the Debtor under the DIP Loan (as defined in the Final DIP Order) should be increased from $175,000.00 to $210,000.00.

5.  Paragraph 10 of the Final Cash Collateral Order shall be deleted and amended and restated to read in its entirety as follows:

"Pursuant to a further Order of the Court, the Debtor shall:

(a)  have received at least one (1) initial bid (in whatever and the same form received, e.g., letter of intent or expression of interest, proposed purchase agreement, term sheet, etc.) containing the Acceptable Sale Conditions on or before September 15, 2020;

(b)  have entered into a binding asset purchase agreement providing for the Acceptable Sale Conditions on or before October 1, 2020; and

(c)  have consummated a sale meeting the Acceptable Sale Conditions on or before November 1, 2020.

    (d)    In the event the Debtor fails to comply with any of the requirements set forth in subsections (a), (b) or (c) hereinabove, the Debtor will immediately commence and conduct an auction process for its patent assets which auction shall occur on or before November 30, 2020, with a reputable broker who regularly conducts auctions of assets similar to the Debtor's patents and is acceptable to White Oak and Enterprise.

    (e)    No later than August 1, 2020, the Debtor shall present to White Oak and Enterprise a description of the auction process for their review and consideration.

    (f)    White Oak and Enterprise reserve their right to object to any such sale. The rights, defenses and objections of all parties are specifically preserved in full with respect to the final DIP order, the value of the Debtor's assets, the approval of a sale process and auction process, and all terms and conditions of the same including whether to provide DIP financing or agree to the relief requested in such motions, or not.

For purposes of this paragraph 10, "Acceptable Sale Conditions" is defined to mean a bona fide document from a third-party providing for the purchase of some or all of Debtor's assets, the consideration of which shall be sufficient to pay in full the claims of White Oak and Enterprise, including the claims of Enterprise in its capacity as the post-petition lender pursuant to the DIP

Orders, and any other lienholder having a lien superior to White Oak and Enterprise on the assets being sold."

6. A new Paragraph 11 shall be added to the Final Cash Collateral Order as follows: "(11) The Debtor will provide the Parties with all initial bid documents (in whatever and the same form received, e.g., letter of intent or expression of interest, proposed purchase agreement, term sheet, etc.) within two (2) Business Days of receipt. Once a bid is selected and the Debtor and the proposed purchaser(s) are engaged in negotiations toward a final asset purchase agreement, the Debtor will provide the Parties with the original draft of such agreement and the Debtor's first mark up and response to it. After receipt of the first mark up and response to the purchase agreement, the Debtor will provide the Parties with electronic mail status reports on the negotiations on Tuesday and Friday of each week. The Debtor will supply the Parties with the final version of the APA at least two (2) Business Days prior to filing it with the Court."

7. The sixth sentence of paragraph 1 of the Final Cash Collateral Order (which currently reads: "Said authorization shall be valid through and including May 8, 2020.") is amended and restated in its entirety as follows:

> "The authorization of such variance will be valid through and including the end date of any then current Budget authorized by the Court or agreed to under the terms of this paragraph."

8. Paragraph 10(g) of the Final DIP Order is hereby modified so that the reference to "August 21, 2020" is deleted and replaced with "October 1, 2020".

9. The Final DIP Order is hereby modified so that all references to "$175,000" are deleted and replaced with "$210,000."

10. The Debtor and Enterprise are hereby authorized to take such actions that are reasonably necessary to effectuate the increase in the maximum amount of the DIP Loans from

$175,000 to $210,000, including, without limitation, amending, restating, supplementing, or otherwise modifying the existing DIP Loan Documents and executing new loan documents, in substantially the form attached to this Order as <u>Exhibit A</u>.

11. All references to the "DIP Loan Documents" in the Final DIP Order will be deemed to include all new loan documents executed, and all documents amended, restated, supplemented, or otherwise modified, pursuant to paragraph 10 of this Stipulation and Consent Order. Any provision in the new or amended DIP Loan Documents which relates to the Debtor's insolvency or bankruptcy as an event of default is hereby stricken. Notwithstanding anything to the contrary in the new or amended DIP Loan Documents, the DIP Lender may not confess judgment against the Debtor upon the occurrence of an Event of Default without first seeking authority from the Court; provided, however, there is nothing in this Stipulation and Consent Order or elsewhere that restricts or limits the DIP Lender's rights or remedies against the Guarantors upon the occurrence of an Event of Default, including, without limitation, the DIP Lender's right to confess judgment jointly and severally against the Guarantors.

12. The Parties acknowledge and agree that, in accordance with the terms of paragraphs 1 and 17 of the Final Cash Collateral Order, the Debtor has timely provided all rolling 13-week cash flow budgets for the period ending on September 21, 2020, and that the form and substance of each such budget has been agreed to by Enterprise, White Oak, and IRS.

13. A copy of the current cash flow budget through September 21, 2020, which has been agreed to by Enterprise, White Oak, and IRS, is attached to this Order as <u>Exhibit B</u>.

14. As of the entry of this Consent Order, White Oak has twice notified the Debtor and all parties-in-interest of the occurrence of alleged Events of Default under the Final Cash Collateral Order, although White Oak did not seek to exercise any of its rights or remedies under the Cash Collateral Orders (the "Default Notices"). White Oak also provided four notices to Enterprise and

all parties in interest that the Debtor has failed to comply with the terms of the Final Cash Collateral Order, but in those notices White Oak has not notified Enterprise of an Event of Default (the "Failure Notices"). White Oak filed one of the Default Notices with the Court, but it elected not to file the other Default Notice or any of the Failure Notices with the Court. In all of its notices White Oak has reserved its rights and remedies. By entering into this Consent Order White Oak is not waiving any alleged Events of Default or breaches of the terms of the Final Cash Collateral Order and continues to reserve all of its rights and remedies (as provided in paragraph 17 below).

15. As of the entry of this Consent Order, neither White Oak nor Enterprise have terminated the Debtor's authority to use Cash Collateral under the Final Cash Collateral Order, Final DIP Order, or the DIP Loan Documents.

16. Except as expressly modified hereby, all terms and conditions of the Orders remain in full force and effect. Capitalized terms not otherwise defined in this Stipulation and Consent order shall have the meanings ascribed to such terms in the Orders.

17. Except as expressly provided in this Consent Order, nothing herein waives, prejudices, or otherwise affects the rights and remedies of the Parties, whether under the Bankruptcy Code, applicable non-bankruptcy law, the Orders, the DIP Loan Documents, at law or in equity, or otherwise, and all such rights and remedies are hereby reserved.

CONSENTED AND AGREED TO:    CONSENTED AND AGREED TO:

*/s/ Ryan Cooney*
Ryan J. Cooney
(PA ID No. 319213)
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
Phone: (412) 392-0330
Fax: (412) 392-0335
rcooney@lampllaw.com

Dated: August 25, 2020

*/s/ William E. Kelleher, Jr.*
William E. Kelleher, Jr.
(PA ID No. 30747)
Thomas D. Maxson
(PA ID No. 63207)
Daniel P. Branagan
(PA ID No. 324607)

DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152

*Counsel for Debtor,*  
*VIDEOMINING CORPORATION*

Phone: (412) 297-4900  
Fax: (412) 209-0672  
bill.kelleher@dentons.com  
thomas.maxson@dentons.com  
daniel.branagan@dentons.com

Dated: August 25, 2020

*Counsel for ENTERPRISE BANK*

[Signatures continue on following page]

| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
|---|---|

*/s/ Jill L. Locnikar*_____   */s/ Jeffrey M. Rosenthal*_____
Jill L. Locnikar                             Jeffrey M. Rosenthal
Assistant U.S. Attorney                      MANDELBAUM SALSBURG P.C.
Civil Division                               3 Becker Farm Road
Joseph F. Weis, Jr. United States Courthouse Roseland, NJ 07068
700 Grant Street, Suite 4000
Pittsburgh, PA 15219                         George T. Snyder
(412) 894-7429 (phone)                       PA ID No. 53525
(412) 644-6995 (fax)                         Stonecipher Law Firm
jill.locnikar@usdoj.gov                      125 1st Avenue
                                             Pittsburgh, PA 15222
Dated: August 25, 2020                       (412) 391-8510 (phone)
                                             (412) 391-8522 (fax)
*Counsel for INTERNAL REVENUE SERVICE*       gsnyder@stonecipherlaw.com
*OF THE UNITED STATES*
                                             Dated: August 25, 2020

                                             *Counsel for WHITE OAK BUSINESS*
                                             *CAPITAL, INC.*


SO ORDERED:

   Dated: _____ ___, 2020         _____
                                             Gregory L. Taddonio
                                             United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 20-20425-GLT |
| VIDEOMINING CORPORATION, | Chapter 11 |
| Debtor. | Document No. _____ |
| | Related to Doc. Nos. 102, 113 |

## CERTIFICATE OF SERVICE

Robert O Lampl, John P. Lacher, Ryan J. Cooney and Sy O. Lampl, hereby certify, that on the 25th day of August, 2020, a true and correct copy of the foregoing **STIPULATION AND CONSENT ORDER (1) MODIFYING AND EXTENDING ORDERS AUTHORIZING DIP FINANCING AND USE OF CASH COLALTERAL AND (2) AUTHORIZING AMENDMENT OF DIP LOAN DOCUMENTS** was served on the following *(via electronic service)*:

Office of the U.S. Trustee
970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222

William E. Kelleher, Jr.
DENTONS COHEN & GRIGSBY P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
bill.kelleher@dentons.com

Jill L. Locnikar
Assistant U.S. Attorney
Civil Division
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
jill.locnikar@usdoj.gov

Jeffrey M. Rosenthal
MANDELBAUM SALSBURG P.C.
3 Becker Farm Road
Roseland, NJ 07068
jrosenthal@lawfirm.ms

Date: August 25, 2020                              */s/ Robert O Lampl*
                                                   ROBERT O LAMPL
                                                   PA I.D. #19809
                                                   JOHN P. LACHER
                                                   PA I.D. #62297
                                                   RYAN J. COONEY
                                                   PA I.D. #319213
                                                   SY O. LAMPL
                                                   PA I.D. #324741
                                                   223 Fourth Avenue, 4th Floor
                                                   Pittsburgh, PA  15222
                                                   (412) 392-0330 (phone)
                                                   (412) 392-0335 (facsimile)
                                                   Email:  rlampl@lampllaw.com