Case 20-20425-GLT    Doc 189    Filed 09/25/20    Entered 09/25/20 15:01:27    Desc Main
Document    Page 1 of 6

FILED
9/25/20 2:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

VIDEOMINING CORPORATION,

Debtor.

Bankruptcy No. 20-20425-GLT

Chapter 11

Document No. ____

Related to Doc. Nos. 102, 113, 179, 180 & 181 & 185

## SECOND STIPULATION AND CONSENT ORDER MODIFYING AND EXTENDING ORDERS AUTHORIZING DIP FINANCING AND USE OF CASH COLLATERAL

Upon the agreement and stipulation of Enterprise Bank ("Enterprise"), White Oak Business Capital, Inc. ("White Oak"), the Internal Revenue Service of the United States ("IRS"), and the above-captioned Debtor (collectively, the "Parties"), by and through their undersigned counsel, to the terms and conditions set forth in this Second Stipulation and Consent Order (this "Consent Order"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court finding that due notice and such opportunity for a hearing as is appropriate under the circumstances has occurred and that no further notice to any party in interest is required; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and good and sufficient cause appearing therefor;

IT IS hereby STIPULATED, AGREED, and ORDERED as follows:

1.     Pursuant to the terms of the Final Order Authorizing Use of Cash Collateral Through May 8, 2020 entered by the Court on March 12, 2020 (ECF No. 102) (the "Final Cash Collateral Order") and the Modified Final Order Authorizing Debtor to Obtain Post-Petition Financing entered by the Court on March 19, 2020 (ECF No. 113) if the Debtor failed to enter into a bona fide sales agreement for substantially all of its assets on or before August 21, 2020, the

Maturity Date would trigger under the Final DIP Order, which, among other consequences, would require the Debtor to conduct an auction of its patent assets by September 30, 2020. See Final DIP Order at ¶ 10(g); Final Cash Collateral Order at ¶ 10.

2.  On August 25, 2020, the Parties filed a Stipulation and Consent Order (1) Modifying and Extending Orders Authorizing DIP Financing and Use of Cash Collateral and (2) Authorizing Amendment of DIP Loan Documents (ECF. No. 179) (the "First Stipulation" and together with the Final Cash Collateral Order and Final DIP Order, the "Orders").

3.  The Court approved and signed the First Stipulation on August 27, 2020 (ECF. No. 181).

4.  The First Stipulation, *inter alia*, increased the maximum financing available to the Debtor under the DIP Loan (as defined in the Final DIP Order) from $175,000.00 to $210,000.00, added a new Paragraph 11 to the Final Cash Collateral Order, approved new DIP Loan Documents, authorized a cash flow budget through September 21, 2020, and deleted and restated Paragraph 10 of the Final Cash Collateral Order.

5.  The Parties have agreed to further modify and extend the Orders under the terms and conditions set forth in this Consent Order.

6.  Paragraph 10 of the Final Cash Collateral Order shall be deleted and amended and restated in its entirety as follows:

"Pursuant to a further Order of the Court, the Debtor shall:

(a)  have received at least one (1) initial bid (in whatever and the same form received, e.g., letter of intent or expression of interest, proposed purchase agreement, term sheet, etc.) containing the Acceptable Sale Conditions on or before October 31, 2020;

(b) have entered into a binding asset purchase agreement providing for the Acceptable Sale Conditions on or before November 15, 2020; and

(c) have consummated a sale meeting the Acceptable Sale Conditions on or before December 15, 2020.

(d) In the event the Debtor fails to comply with any of the requirements set forth in subsections (a), (b) or (c) hereinabove, the Debtor will immediately commence and conduct an auction process for its patent assets which auction shall occur on or before January 29, 2021, with a reputable broker who regularly conducts auctions of assets similar to the Debtor's patents and is acceptable to White Oak and Enterprise.

(e) White Oak and Enterprise reserve their right to object to any such sale. The rights, defenses and objections of all parties are specifically preserved in full with respect to the final DIP order, the value of the Debtor's assets, the approval of a sale process and auction process, and all terms and conditions of the same including whether to provide DIP financing or agree to the relief requested in such motions, or not.

For purposes of this paragraph 10, "Acceptable Sale Conditions" is defined to mean a bona fide document from a third-party providing for the purchase of some or all of Debtor's assets, the consideration of which shall be sufficient to pay in full the claims of White Oak and Enterprise, including the claims of Enterprise in its capacity as the post-petition lender pursuant to the DIP

Orders, and any other lienholder having a lien superior to White Oak and Enterprise on the assets being sold."

7. Paragraph 10(g) of the Final DIP Order is hereby modified so that the reference to "October 1, 2020" is deleted and replaced with "November 15, 2020".

8. A copy of the current cash flow budget through November 6, 2020, which has been agreed to by Enterprise, White Oak, and IRS, is attached to this Order as Exhibit A.

9. As of the entry of this Consent Order, neither White Oak nor Enterprise have terminated the Debtor's authority to use Cash Collateral under the Orders, or the DIP Loan Documents.

10. Except as expressly modified hereby, all terms and conditions of the Orders remain in full force and effect. Capitalized terms not otherwise defined in this Stipulation and Consent order shall have the meanings ascribed to such terms in the Orders.

11. Except as expressly provided in this Consent Order, nothing herein waives, prejudices, or otherwise affects the rights and remedies of the Parties, whether under the Bankruptcy Code, applicable non-bankruptcy law, the Orders, the DIP Loan Documents, at law or in equity, or otherwise, and all such rights and remedies are hereby reserved.

[Signatures appear on following page]

| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
|---|---|
| /s/ Ryan J. Cooney | /s/William E. Kelleher, Jr. |
| Ryan J. Cooney | William E. Kelleher, Jr. |
| (PA ID No. 319213) | (PA ID No. 30747) |
| 223 Fourth Avenue, 4th Fl. | Thomas D. Maxson |
| Pittsburgh, PA 15222 | (PA ID No. 63207) |
| Phone: (412) 392-0330 | Daniel P. Branagan |
| Fax: (412) 392-0335 | (PA ID No. 324607) |
| rcooney@lampllaw.com | |
| | DENTONS COHEN & GRIGSBY P.C. |
| Dated: September 24, 2020 | 625 Liberty Avenue |
| | Pittsburgh, PA 15222-3152 |
| *Counsel for Debtor,* | Phone: (412) 297-4900 |
| *VIDEOMINING CORPORATION* | Fax: (412) 209-0672 |
| | bill.kelleher@dentons.com |
| | thomas.maxson@dentons.com |
| | daniel.branagan@dentons.com |
| | |
| | Dated: September 24, 2020 |
| | |
| | *Counsel for ENTERPRISE BANK* |

[Signatures continue on following page]

CONSENTED AND AGREED TO:

/s/ Jill L. Locnikar
Jill L. Locnikar
Assistant U.S. Attorney
Civil Division
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429 (phone)
(412) 644-6995 (fax)
jill.locnikar@usdoj.gov

Dated: September 24, 2020

*Counsel for INTERNAL REVENUE SERVICE OF THE UNITED STATES*

CONSENTED AND AGREED TO:

/s/ Jeffrey M. Rosenthal
Jeffrey M. Rosenthal
MANDELBAUM SALSBURG P.C.
3 Becker Farm Road
Roseland, NJ 07068

George T. Snyder
PA ID No. 53525
Stonecipher Law Firm
125 1st Avenue
Pittsburgh, PA 15222
(412) 391-8510 (phone)
(412) 391-8522 (fax)
gsnyder@stonecipherlaw.com

Dated: September 24, 2020

*Counsel for WHITE OAK BUSINESS CAPITAL, INC.*

SO ORDERED:

Dated: September 25, 2020

Gregory L. Taddonio    drb
United States Bankruptcy Judge