## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 20-20425-GLT |
| VIDEOMINING CORPORATION, | Chapter 11 |
| Debtor. | Document No. ____ |
| | Related to Doc. Nos. 102, 113, 179, 180, 181 & 189 |

### THIRD STIPULATION AND CONSENT ORDER MODIFYING AND EXTENDING ORDERS AUTHORIZING DIP FINANCING AND USE OF CASH COLLATERAL

Upon the agreement and stipulation of Enterprise Bank ("Enterprise"), White Oak Business Capital, Inc. ("White Oak"), the Internal Revenue Service of the United States ("IRS"), and the above-captioned Debtor (collectively, the "Parties"), by and through their undersigned counsel, to the terms and conditions set forth in this Third Stipulation and Consent Order (this "Third Stipulation"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court finding that due notice and such opportunity for a hearing as is appropriate under the circumstances has occurred and that no further notice to any party in interest is required; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and good and sufficient cause appearing therefor;

IT IS hereby STIPULATED, AGREED, and ORDERED as follows:

1.  Pursuant to the terms of the Final Order Authorizing Use of Cash Collateral Through May 8, 2020 entered by the Court on March 12, 2020 (ECF No. 102) (the "Final Cash Collateral Order") and the Modified Final Order Authorizing Debtor to Obtain Post-Petition Financing entered by the Court on March 19, 2020 (ECF No. 113) (the "Final DIP Order") along with the Stipulation and Consent Order (1) Modifying and Extending Orders Authorizing DIP

Financing and Use of Cash Collateral and (2) Authorizing Amendment of DIP Loan Documents entered on August 21, 2020 (ECF No. 181) (the "First Stipulation") and the Second Stipulation and Consent Order Modifying and Extending Orders Authorizing DIP Financing and Use of Cash Collateral entered on September 25, 2020 (ECF No. 189) (the "Second Stipulation" and together with the Final Cash Collateral Order, the Final DIP Order and the First Stipulation, the "Orders"), the Debtor was to have received at least one (1) initial bid (in whatever and the same form received, e.g., letter of intent or expression of interest, proposed purchase agreement, term sheet, etc.) containing the Acceptable Sale Conditions on or before October 31, 2020.

2. Additionally, per the Orders, the Debtor was authorized to use cash collateral in accordance with the budget attached as Exhibit A to the Second Stipulation through November 6, 2020.

3. In recognition that an initial bid containing the Acceptable Sale Conditions was not received by October 31, 2020, and instead of the Debtor immediately commencing and conducting an auction process as set forth above, the Parties have agreed to further modify and extend the Orders under the terms and conditions set forth in this Third Stipulation.

4. The Parties have agreed to the following revisions to the Orders: The Debtor:

(a) Shall engage ICAP Patent Brokerage LLC or such other patent broker acceptable to Enterprise and White Oak (the "Broker"), upon terms and conditions acceptable to Enterprise and White Oak, no later than November 30, 2020;

(b) Hereby authorizes and directs Christopher Bossi to be in charge of the sale process, to be the primary contact with the Broker, to consult with Enterprise and White Oak on all matters relating to the sale

process, and Enterprise and White Oak shall have direct access to the Broker;

(c) Shall receive at least one (1) initial bid (in whatever form received, e.g., letter of intent or expression of interest, proposed purchase agreement, term sheet, etc.) containing the Acceptable Sale Conditions on or before February 28, 2021;

(d) Shall have entered into a binding asset purchase agreement providing for the Acceptable Sale Conditions and filed a motion seeking approval of such sale on or before March 31, 2021; and

(e) Shall have consummated a sale meeting the Acceptable Sale Conditions on or before April 30, 2021.

In the event the Debtor fails to comply with any of the requirements set forth in subsections (a) through (e) above, the Debtor shall immediately commence and conduct an auction process for its patent assets which auction shall occur on or before May 31, 2021 (or such later date as the Debtor, White Oak and Enterprise shall agree on or before May 1, 2021), with a reputable broker who regularly conducts auctions of assets similar to the Debtor's patents and is acceptable to White Oak and Enterprise.

5. Notwithstanding anything herein to the contrary, the Debtor, Enterprise, White Oak and the IRS agree the final decision of whether to accept an offer which meets all of the Acceptable Sale Conditions shall be determined by the Debtor in the exercise of its fiduciary duties and business judgment, subject to the approval of the Court, but White Oak, the IRS and Enterprise reserve their right to object to any such sale. The rights, defenses and objections of all Parties are

specifically preserved in full with respect to the proposed buyer, the value of the Debtor's assets, the approval of a sale process and auction process, and all terms and conditions of the same.

6. In the event that the Debtor receives a bid that does not meet the Acceptable Sale Conditions but still has the support of Enterprise, White Oak, and the IRS and the Debtor chooses not to accept the bid (a "Supported Non-Conforming Bid"), the Debtor agrees to the appointment of an examiner on an expedited basis which examiner shall evaluate the Supported Non-Conforming Bid and shall provide an opinion as to whether the Supported Non-Conforming Bid should be accepted (the "Examiner's Opinion"). The Parties shall use best efforts to agree on the proposed Examiner. However, in the event that all Parties cannot agree on a proposed Examiner within three (3) business day after concluding that there is a Supported Non-Conforming Bid, the Debtor, in its expedited motion to appoint an Examiner, shall ask the Court to appoint someone in its discretion. The Debtor agrees to adopt and implement the Examiner's Opinion. The Examiner shall provide the Examiner's Opinion to Enterprise, White Oak, the IRS and the Debtor no later than 20 days after his or her appointment. In the event that the Examiner's report is not received within 20 days after his or her appointment, any Party shall be authorized to file an expedited motion to remove the Examiner and to compel the Debtor to commence an auction. In the event the Examiner's fees and costs exceed $10,000, any Party shall be authorized to file an expedited motion to remove the Examiner and to compel the Debtor to commence an auction, provided however, that if any of the non-moving parties agree to absorb the Examiner's fees and costs in excess of $10,000, the moving Party shall withdraw its motion.

7. The Debtor is hereby authorized to use cash collateral from November 6, 2020 through January 15, 2021, consistent with the Orders and the budget attached hereto as <u>Exhibit A</u>, which budget has been agreed to by Enterprise, White Oak, and IRS.

8. As of the entry of this Third Stipulation, neither White Oak nor Enterprise have terminated the Debtor's authority to use Cash Collateral under the Orders or the Debtor's right to request and receive, and Enterprise's discretion and right to make, advances under the DIP Loan Documents.  Notwithstanding the chapter 7 filing by Rajeev and Vishnu Sharma, the guarantors of the DIP Loans, on October 5, 2020, the Parties agree that an Event of Default or a Maturity Date has not occurred because the bankruptcy and insolvency provisions of the DIP Loan Documents were stricken by the prior Orders, or if such filing did constitute an Event of Default or cause a Maturity Date it is hereby waived, but all of the rights and remedies of Enterprise Bank and White Oak with respect to any future Event of Default are hereby reserved and preserved.

9. Except as expressly modified hereby, all terms and conditions of the Orders remain in full force and effect.  Capitalized terms not otherwise defined in this Third Stipulation shall have the meanings ascribed to such terms in the Orders.

10. Except as expressly provided in this Third Stipulation, nothing herein waives, prejudices, or otherwise affects the rights and remedies of the Parties, whether under the Bankruptcy Code, applicable non-bankruptcy law, the Orders, the DIP Loan Documents, at law or in equity, or otherwise, and all such rights and remedies are hereby reserved.

[Signatures appear on following page]

| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
|---|---|

*/s/ Ryan J. Cooney*_____  */s/ Thomas D. Maxson*_____

| Ryan J. Cooney | William E. Kelleher, Jr. |
|---|---|
| (PA ID No. 319213) | (PA ID No. 30747) |
| 223 Fourth Avenue, 4th Fl. | Thomas D. Maxson |
| Pittsburgh, PA 15222 | (PA ID No. 63207) |
| Phone: (412) 392-0330 | Daniel P. Branagan |
| Fax: (412) 392-0335 | (PA ID No. 324607) |
| rcooney@lampllaw.com | |
| | DENTONS COHEN & GRIGSBY P.C. |
| Dated: November 23, 2020 | 625 Liberty Avenue |
| | Pittsburgh, PA 15222-3152 |
| *Counsel for Debtor,* | Phone: (412) 297-4900 |
| *VIDEOMINING CORPORATION* | Fax: (412) 209-0672 |
| | bill.kelleher@dentons.com |
| | thomas.maxson@dentons.com |
| | daniel.branagan@dentons.com |
| | |
| | Dated: November 23, 2020 |
| | |
| | *Counsel for ENTERPRISE BANK* |

[Signatures continue on following page]

| | |
|---|---|
| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
| */s/ Jill L. Locnikar*_____ | */s/ Jeffrey M. Rosenthal*_____ |
| Jill L. Locnikar | Jeffrey M. Rosenthal |
| Assistant U.S. Attorney | MANDELBAUM SALSBURG P.C. |
| Civil Division | 3 Becker Farm Road |
| Joseph F. Weis, Jr. United States Courthouse | Roseland, NJ 07068 |
| 700 Grant Street, Suite 4000 | |
| Pittsburgh, PA 15219 | George T. Snyder |
| (412) 894-7429 (phone) | PA ID No. 53525 |
| (412) 644-6995 (fax) | Stonecipher Law Firm |
| jill.locnikar@usdoj.gov | 125 1st Avenue |
| | Pittsburgh, PA 15222 |
| Dated: November 23, 2020 | (412) 391-8510 (phone) |
| | (412) 391-8522 (fax) |
| *Counsel for INTERNAL REVENUE SERVICE OF THE UNITED STATES* | gsnyder@stonecipherlaw.com |
| | Dated: November 23, 2020 |
| | *Counsel for WHITE OAK BUSINESS CAPITAL, INC.* |

SO ORDERED:

Dated: _____ ___, 2020        _____
                                          Gregory L. Taddonio
                                          United States Bankruptcy Judge