IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 20-20425-GLT |
| VIDEOMINING CORPORATION, | Chapter 11 |
| Debtor. | Document No. ____ |
| | Related to Doc. Nos. 102, 113, 179, 180, 181, 189, 208 & 235 |

**FIFTH STIPULATION AND CONSENT ORDER MODIFYING AND EXTENDING ORDERS AUTHORIZING DIP FINANCING AND USE OF CASH COLLATERAL AND AUTHORIZING AMENDMENT OF DIP LOAN DOCUMENTS**

Upon the agreement and stipulation of Enterprise Bank ("Enterprise"), White Oak Business Capital, Inc. ("White Oak"), the Internal Revenue Service of the United States ("IRS"), the above-captioned Debtor, Rajeev Sharma and Vishnu Sharma (the "Sharmas", and together with Enterprise, White Oak, the IRS, and the Debtor, referred to herein as the "Parties"), by and through their undersigned counsel, to the terms and conditions set forth in this Fifth Stipulation and Consent Order (this "Fifth Stipulation"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court finding that due notice and such opportunity for a hearing as is appropriate under the circumstances has occurred and that no further notice to any party in interest is required; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and good and sufficient cause appearing therefor;

IT IS hereby STIPULATED, AGREED, and ORDERED as follows:

1. Pursuant to the terms of the Final Order Authorizing Use of Cash Collateral Through May 8, 2020 entered by the Court on March 12, 2020 (ECF No. 102) (the "Final Cash Collateral Order") and the Modified Final Order Authorizing Debtor to Obtain Post-Petition Financing entered by the Court on March 19, 2020 (ECF No. 113) (the "Final DIP Order") along

with the Stipulation and Consent Order (1) Modifying and Extending Orders Authorizing DIP Financing and Use of Cash Collateral and (2) Authorizing Amendment of DIP Loan Documents entered on August 21, 2020 (ECF No. 181) (the "First Stipulation"), the Second Stipulation and Consent Order Modifying and Extending Orders Authorizing DIP Financing and Use of Cash Collateral entered on September 25, 2020 (ECF No. 189) (the "Second Stipulation"), the Third Stipulation and Consent order Modifying and Extending Orders Authorizing DIP Financing and Use of Cash Collateral entered on November 24, 2020 (ECF No. 208)(the "Third Stipulation") and the Fourth Stipulation and Consent Order Modifying and Extending Orders Authorizing Use of Cash Collateral (ECF No.235) (the "Fourth Stipulation" and together with the Final Cash Collateral Order, the Final DIP Order, the First Stipulation, the Second Stipulation and the Third Stipulation, the "Orders"), the maximum financing available to the Debtor under the DIP Loan (as defined in the Orders) was $210,000 and the Debtor is authorized to use cash collateral through February 26, 2021.

2. The Parties have agreed to further modify and extend the Orders under the terms and conditions of this Fifth Stipulation.

3. The Parties have agreed that the maximum financing available to the Debtor under the DIP Loan (as defined in the Orders) should be increased from $210,000.00 to $335,000.00. The DIP Loan increase of $125,000 is referred to herein as the "DIP Increase". The definition of DIP Loan in the Orders is hereby amended to include the DIP Increase.

4. The Parties have agreed that the President and principal owner of the Debtor, Rajeev Sharma, along with his spouse, Vishnu Sharma will guaranty the DIP Loan (the "Sharma Guaranty") and provide collateral to secure such guaranty in the form of a cash deposit of $125,000 (the "Security Deposit"), which funds were in Mr. Sharma's Individual Retirement Account ("IRA") as of October 7, 2020, the date on which Rajeev Sharma and Vishnu Sharma filed a

Chapter 7 Bankruptcy at Case Number 20-22860- GLT. The IRA was scheduled as exempted in the Chapter 7 Bankruptcy Case. The Security Deposit will be held by Enterprise.

5. The Debtor, Rajeev Sharma, Vishnu Sharma and Enterprise are hereby authorized to execute all necessary documents and take all necessary actions to memorialize the Sharma Guaranty of the DIP Loan, and to establish and fund the Security Deposit to secure such guaranty as described herein and in the DIP Loan Documents.

6. Notwithstanding anything contained in the Loan Documents, the Security Deposit is being provided solely as security for the DIP Loan and shall not be used to satisfy any other current or future obligations owed by the Debtor, Rajeev Sharma and Vishnu Sharma to Enterprise. Upon repayment of the DIP Loan in full, the Security Deposit will be released to Rajeev Sharma or his designee.

7. Pursuant to Section 364(c)(2) of the Bankruptcy Code, and to secure the payment in full of the Sharma Guaranty, Enterprise is granted a senior first priority security interest and lien in and to the Security Deposit in addition to its common law rights of set off, including priority over any liens acquired or perfected under Section 546(b) of the Bankruptcy Code, and the definition of "DIP Lien" in the Final DIP Order is hereby amended to include such senior first priority lien in and to the Security Deposit.

8. Notwithstanding the terms of the Orders, after the entry of this Fifth Stipulation, the Debtor may request advances and Enterprise may make advances in its discretion on the DIP Increase up to the amount of the Security Deposit, so long as the maximum outstanding amount of the DIP Loan does not exceed $335,000 at any given time. All other prior and future Advances under the DIP Loan Documents remain subject to the terms of Paragraph 6 of the Final DIP Order, as amended.

9.  If an Event of Default as defined in the DIP Loan Documents occurs and continues beyond all applicable cure periods, in addition to all other rights and remedies, Enterprise may, but is not required to, enforce the Sharma Guaranty provided that Enterprise will forbear from exercising its rights under the Sharma Guaranty for ninety (90) days after a declaration of default and provided that Enterprise shall first seek to recover from the Debtor's outstanding Accounts Receivable. Notice of any declaration of default shall be promptly provided to the Debtor, Rajeev Sharma, Vishnu Sharma and White Oak. After the expiration of ninety (90) days, Enterprise shall be entitled to set off any outstanding amounts owed under it against the balance of the Security Deposit. Such guaranty enforcement and set off may occur without the need to seek relief from the automatic stay provisions of Section 362 of the Code in the cases pending at Bankruptcy Case No. 20-20425-GLT or Bankruptcy Case No. 20-22860- GLT, or any other order of Court and the automatic stay provisions of Section 362 are hereby lifted to allow for such remedy. The Parties hereby consent to Enterprise's exercise of this remedy as described herein and in the DIP Loan Documents.

10. Paragraph 10(g) of the Final DIP Order is hereby modified so that the reference to "November 15, 2020" is deleted and replaced with "March 31, 2021".

11. The Final DIP Order is hereby modified so that all references to "$210,000" are deleted and replaced with "$335,000".

12. The Debtor and Enterprise are hereby authorized to take such actions that are reasonably necessary to effectuate the increase in the maximum amount of the DIP Loans from $210,000 to $335,000, including, without limitation, amending, restating, supplementing, or otherwise modifying the existing DIP Loan Documents and executing new loan documents, in substantially the form attached to this Order as **Exhibit A**.

13. All references to the "DIP Loan Documents" in the Final DIP Order will be deemed to include all new loan documents executed, and all documents amended, restated, supplemented, or otherwise modified, pursuant to paragraph 11 of this Fifth Stipulation. Any provision in the new or amended DIP Loan Documents which relates to the Debtor's insolvency or bankruptcy as an event of default is hereby stricken. Notwithstanding anything to the contrary in the new or amended DIP Loan Documents, Enterprise may not confess judgment against the Debtor upon the occurrence of an Event of Default without first seeking authority from the Court; provided, however, other than paragraph 8 herein, there is nothing in this Stipulation and Consent Order or elsewhere that restricts or limits Enterprise's rights or remedies against the Guarantors upon the occurrence of an Event of Default, including, without limitation, Enterprise's right to confess judgment jointly and severally against the Guarantors.

14. The Debtor is hereby authorized to use cash collateral through March 31, 2021, consistent with the Orders and the budget attached hereto as **Exhibit B**, which budget has been agreed to by the Parties.

15. Except as expressly modified hereby, all terms and conditions of the Orders remain in full force and effect. Capitalized terms not otherwise defined in this Stipulation and Consent order shall have the meanings ascribed to such terms in the Orders.

16. Except as expressly provided in this Consent Order, nothing herein waives, prejudices, or otherwise affects the rights and remedies of the Parties, whether under the Bankruptcy Code, applicable non-bankruptcy law, the Orders, the DIP Loan Documents, at law or in equity, or otherwise, and all such rights and remedies are hereby reserved.

[Signatures appear on following page]

| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
|---|---|
| */s/ Ryan J. Cooney*_____ | */s/ Thomas D. Maxson*_____ |
| Ryan J. Cooney | William E. Kelleher, Jr. |
| (PA ID No. 319213) | (PA ID No. 30747) |
| 223 Fourth Avenue, 4th Fl. | Thomas D. Maxson |
| Pittsburgh, PA 15222 | (PA ID No. 63207) |
| Phone: (412) 392-0330 | Daniel P. Branagan |
| Fax: (412) 392-0335 | (PA ID No. 324607) |
| rcooney@lampllaw.com | |
| | DENTONS COHEN & GRIGSBY P.C. |
| Dated: February 23, 2021 | 625 Liberty Avenue |
| | Pittsburgh, PA 15222-3152 |
| *Counsel for Debtors RAJEEV SHARMA, VISHNU SHARMA and, VIDEOMINING CORPORATION* | Phone: (412) 297-4900 |
| | Fax: (412) 209-0672 |
| | bill.kelleher@dentons.com |
| | thomas.maxson@dentons.com |
| | daniel.branagan@dentons.com |
| | |
| | Dated: February 23, 2021 |
| | |
| | *Counsel for ENTERPRISE BANK* |

[Signatures continue on following page]

| CONSENTED AND AGREED TO: | CONSENTED AND AGREED TO: |
|---|---|

*/s/ Jill L. Locnikar*_____          */s/ Jeffrey M. Rosenthal*_____

Jill L. Locnikar  
Assistant U.S. Attorney  
Civil Division  
Joseph F. Weis, Jr. United States Courthouse  
700 Grant Street, Suite 4000  
Pittsburgh, PA 15219  
(412) 894-7429 (phone)  
(412) 644-6995 (fax)  
jill.locnikar@usdoj.gov  

Dated: February 23, 2021  

*Counsel for INTERNAL REVENUE SERVICE OF THE UNITED STATES*

Jeffrey M. Rosenthal  
MANDELBAUM SALSBURG P.C.  
3 Becker Farm Road  
Roseland, NJ 07068  

George T. Snyder  
PA ID No. 53525  
Stonecipher Law Firm  
125 1st Avenue  
Pittsburgh, PA 15222  
(412) 391-8510 (phone)  
(412) 391-8522 (fax)  
gsnyder@stonecipherlaw.com  

Dated: February 23, 2021  

*Counsel for WHITE OAK BUSINESS CAPITAL, INC.*

SO ORDERED:

Dated: _____ \_\_\_, 2021            _____

Gregory L. Taddonio  
United States Bankruptcy Judge