# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>VIDEOMINING CORPORATION,<br><br>  Debtor,<br><br><br>VIDEOMINING CORPORATION,<br><br>  Movant.<br><br><br>ENTERPRISE BANK, WHITE OAK BUSINESS CAPITAL, INC., DILIP HARI, RICHARD HIRATA, THE PENNSYLVANIA DEPARTMENT OF REVENUE, THE INTERNAL REVENUE SERVICE, U.S. BANK, N.A. d/b/a U.S. BANK EQUIPMENT FINANCE, BRYN MAWR EQUIPMENT FINANCE, INC. d/b/a ROYAL BANK AMERICA LEASING, LP, HUNTINGTON TECHNOLOGY FINANCE, INC., KEY EQUIPMENT FINANCE, a division of KEYBANK, N.A, LEAF CAPITAL FUNDING, LLC, ASCENTIUM CAPITAL LLC, ITRIA VENTURES LLC, BB&T COMMERCIAL EQUIPMENT CAPITAL CORP., d/b/a SUSQUEHANNA COMMERCIAL FINANCE, INC., ON DECK CAPITAL, INC., DIRECT CAPITAL/ CIT.,<br><br>  Respondents. | Bankruptcy No. 20-20425-GLT<br><br>Chapter 11<br><br>Related Doc. No. 308 |

**DIRECT CAPITAL'S RESPONSE IN OPPOSITION TO MOTION FOR SALE OF PERSONALTY AND INTELLECTUAL PROPERTY ASSETS <u>FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES</u>**

AND NOW, comes, CIT Bank, N.A., (the "<u>Movant</u>") by and through its undersigned

counsel, Bernstein-Burkley, P.C., and file its *Response in Opposition to the Motion for Sale of*

*Personalty and Intellectual Property Assets Free and Clear of all Liens, Claims and Encumbrances* (the "Response"), stating as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## FACTUAL BACKGROUND

3.  On or about February 4, 2020, VideoMining Corporation filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code at case number 20-20425-GLT (the "Case").

4.  On June 22, 2017, Debtor purchased mining equipment, (hereinafter collectively, the "Omnisensors"), pursuant to a Master EFA Agreement (the "Agreement"). The Agreement is attached hereto and incorporated herein as **Exhibit A.**

5.  As security for the payment of all amounts under the Agreement, the Debtor granted the Movant a first priority security interest in the Omnisensors. The Movant perfected its security interested as evidenced by the UCC Financing Statement attached hereto and incorporated herein as **Exhibit B.**

6.  On August 26, 2020, the Movant filed a proof of claim in the total amount of $126,687.29 at claim number 29.

7.  On June 10, 2021, the Debtor filed a *Motion for Sale of Personalty and Intellectual Property Assets Free and Clear of all Liens, Claims and Encumbrances* (the "Sale Motion").

8. Pursuant to the Sale Motion, the Debtor seeks court approval to sell all of the Debtor's assets, including the Omnisensors, to VMC ACQ, LL (the "Buyer") for the total amount of $650,000.00 (the "Sale Proceeds").

9. The Debtor seeks to transfer the liens, claims and encumbrances to the Sale Proceeds in accordance with the creditors' priority. Additionally, the Sale Motion states that the Debtor seeks to pay Enterprise Bank and White Oak Business Capital, Inc. ("White Oak"), at closing up to the full amount of their allowed secured claims.

10. Pursuant to the claim number 26, Enterprise Bank has a pre-petition claim in the total amount of $627,831.99 (the "Enterprise Claim").

**OBJECTION**

11. The Movant opposes the Sale Motion because the Debtor seeks to sell the Movant's collateral without consent and provides for improper payments to Enterprise and White Oak at closing, which may be include funds subject to the Movant's security interest.

12. In accordance with § 363(f) of the Bankruptcy Code, a debtor may sell property under § 363(b) "free and clear of any interest in such property of an entity other than the estate" provided that at least one of the following conditions is satisfied:

1) Applicable nonbankruptcy law permits sale of such property fee and clear of such interests;

2) Such entity consents;

3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4) Such interest is a bona fide dispute; or

5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interests.

See In re General Bearing Corp., 136 B.R. 361, 366 (Bankr. S.D.N.Y. 1992); In re Collins, 180 B.R. 447, 449-50 (Bankr. E.D.Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only one of the enumerated conditions must be met in order for the Court to approve the proposed sale.").

13. Pursuant to § 363(f), the Debtor must either receive Movant's consent on the sale of the Omnisensors or such a sale must be for an amount greater than the aggregate value of all liens on such property. 11 U.S.C. § 363(f)(2)-(3).

14. The Movant holds a first priority security interest in the Omnisensors and therefore any proceeds generated by the sale of the Omnisensors should be subject to the Movant's security interest.

15. The Debtor's seeks to transfer the liens, claims and encumbrances to the Sale Proceeds in accordance with the creditors' priority, however, given the structure of the proposed sale, the Movant is not able to determine the proposed sale price for the Omnisensors separate and apart from the other assets.

16. The proposed sale structure provides for Enterprise Bank and White Oak be paid at closing disregarding the Movant's first priority security interest in the Omnisensors and transfer of the Movant' interest to the sale proceeds generated by the sale of the Omnisensors.

17. Accordingly, the Movant respectfully request that Court requires the Debtor to disclose the specific sale price for the Omnisensors and that such amount be carved out at closing to be paid to the Movant upon further order of court.

## RESERVATION OF RIGHTS

18. The Movant submits this Response without prejudice to, and with full reservation of, its rights to supplement this Response in advance of, or in connection with, the hearing on the Sale Motion. The Movant reserves (and nothing herein shall constitute a waiver, expressly or implicitly, of) all rights under the Bankruptcy Code or applicable non-bankruptcy law, including rights to object to any subsequent amendments to the Sale Motion, and seek any other or supplemental relief in respect of the Debtor.

WHEREFORE, Movant, CIT Bank, N.A., respectfully requests that this Honorable Court enter an Order denying the Sale Motion and any additional relief deemed just and proper.

Dated: June 25, 2021

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/ Keri P. Ebeck
Keri P. Ebeck
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
412-456-8112
Fax: (412) 456-8120
*Counsel for CIT Bank, N.A.*